IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES JERMAIN ROBINSON,

    Plaintiff,

v.                                                                              No. 1:20-cv-00352-KWR-JFR

FNU VIGIL, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Reopen Case (Doc. 10) and Motion to Appoint a Special Master (Doc. 13). Plaintiff asks the Court to reconsider its ruling dismissing his Prisoner Civil Rights Complaint without prejudice for failure to pay the initial partial filing fee and to refer the case to an outside arbiter. Having considered the record and applicable law, the Court will deny both Motions.

### BACKGROUND

On April 20, 2020, Plaintiff filed the Complaint challenging his conditions of confinement at the Metropolitan Detention Center (MDC). (Doc. 1). The Court directed him to either prepay the $400 filing fee or file an *in forma pauperis* application along with a six-month inmate account statement. (Doc. 2) (First Order). Plaintiff complied with the First Order, in part. He filed an *in forma pauperis* application but did not attach the account statement. On May 4, 2020, the Court entered a second Order directing him to file the inmate account statement. (Doc. 4) (Second Order). Plaintiff complied, and the Court entered a third Order granting leave to proceed *in forma pauperis*. (Doc. 7) (Third Order). The Third Order directed Plaintiff to make an initial partial

payment of $26.00. Such payment is required by statute. The amount represents 20% of the greater of Plaintiff's average monthly deposits or account for the six-month period preceding this action. *See* 28 U.S.C. § 1915(b)(1). Each Order warned that the failure to timely comply will result in the dismissal of this case without further notice.

The deadline to make the $26.00 payment was June 12, 2020. Plaintiff did not initially comply or otherwise respond to the Order. Accordingly, the Court dismissed this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with Court Orders. (Doc. 8) (Dismissal Order). *See also Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) … has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the … court's orders.").

About three weeks later, on July 6, 2020, Plaintiff filed the Motion to Reopen. He alleges MDC did not provide the necessary paperwork to request a payment from his inmate account. (Doc. 10 at 1). Plaintiff then paid the initial partial payment and filed the Motion to Appoint Special Master. (Docs. 11-13). The MDC inmate locator website reflects that after filing the Motions, Plaintiff was released from custody without providing an updated address, as required by D.N.M. LR-Civ. 83.6. *See* https://gtlinterface.bernco.gov/custodylist/.[1]

## DISCUSSION

A motion to reopen filed within twenty-eight days after entry of the final judgment is generally analyzed under Fed. R. Civ. P. 59(e). *See Van Skiver v. United States*, 952 F.2d 1241,

---

[1] The Court takes "judicial notice of th[e] information regarding [Plaintiff's] release that is available to the public on the ... inmate locator" websites. *United States v. Robles-Ortega*, 2009 WL 1969936, *1 n. 1 (10th Cir. July 9, 2009). *See also Triplet v. Franklin*, 365 Fed. App'x 86, 92 n.8 (10th Cir. Feb. 5, 2010) (taking judicial notice of Oklahoma Department of Corrections' website).

1243 (10th Cir. 1991); *Manco v. Werholtz,* 528 F.3d 760, 761 (10th Cir. 2008). Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has considerable discretion in deciding whether to disturb a judgment under Rule 59(e). *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Having reviewed the Motions, the Court finds that none of the above circumstances exist in this case. Plaintiff does not point to new law or evidence, nor has he demonstrated any injustice. The Dismissal Order was entered without prejudice, and Plaintiff can simply refile a new case. Plaintiff also severed contact after his release from MDC, and the Court has no way to contact him in connection with this proceeding. Accordingly, there are no grounds to reconsider the Dismissal Order, and the Court will deny the Motion to Reconsider (Doc. 10). The Court will also deny the Motion to Appoint Special Master (Doc. 13), which is now moot.

**IT IS ORDERED** that Plaintiff's Motion to Reopen (**Doc. 10**) and Motion to Appoint Special Master (**Doc. 13**) are **DENIED**.

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**